### No. 385

No. 19406—Ralph M. Hulett vs. Clara E. Freidrich. Error to the Court of Appeals of Cuyahoga County.

385. DEPOSITIONS—1. Statutes conferring right to use, strictly construed.

2. Evidence contained in deposition, prejudicial to adverse party, cannot be used if such party received no notice of, or was not present at taking thereof.

3. The words "adverse party" contemplate a party actually adverse.

ROBINSON J.

1. Statutes conferring the right to use a deposition in the trial of an action at law, being in derogation of the common law, will be strictly construed.

2. The words "adverse party," found in Sections 11534 and 11535, General Code, contemplate a party actually adverse, even though such party be not nominally adverse.

3. The right to use a deposition against adverse parties duly served with notice of the time and place of the taking thereof does not extend to the introduction of any evidence contained in such deposition prejudicial to an adverse party not served with such notice and not present in person, by counsel or agent, at the taking thereof.

Judgment reversed.

Marshall, C.J., Jones Matthias Day, Allen and Kinkade, JJ., concur.

### No. 386

No. 19480—Vernon B. Fetterman v. Electa A. Bingham et al. Error to the Court of Appeals of Cuyahoga County.

1271. WILLS—Devise with condition attached, vests fee subject to such condition.

DAY, J.

Where a will provides; "Second: I give, devise and bequeath to my daughter Electa A. Bingham all of my estate, both real and personal provided she shall pay to the boy living with me, Vernon B. Fetterman, when he arrives at majority, Three Hundred Dollars, he to have reasonable board, clothing and schooling including home, as though he were an own child, and he to work and conduct himself as if he were an own child until he is twenty-one. ... . Third: In case of the death of my said daughter leaving no natural heirs I give unto her husband Frank L. Bingham and the aforesaid Vernon B. Fetterman (when he arrives at majority jointly all of my estate both real and personal. This bequest to said V. B. Fetterman subject to the same conditions made in Item Second. In case of the death of either before majority of said Fetterman the survivor to succeed to the whole estate;"

HELD, That the testator's intention was to vest at once the fee of the real estate and the absolute ownership of the personal property in his daughter, subject to the payment of the three hundred dollars therein provided for and the furnishing of the reasonable board clothing and schooling, including home, to the child therein named, and further subject to be divested by her death, leaving no issue, before the attaining of majority by the boy living with the testator, to-wit, Vernon B. Fetterman; and that upon said Fetterman, named in the will attaining majority and receiving the three hundred dollars and the reasonable board, clothing and schooling, including home, named in the will, the daughter of the testator, Electa A. Bingham, became seized of an estate in fee simple in the real estate and absolute ownership of the personal property passing under the will of testator.

Judgment affirmed.

Marshall, C.J., Jones, Matthias and Allen, JJ., concur.